Case 105—PETITION EQUITY—February 7.

# Price, &c., v. Hutchins.

APPEAL FROM NELSON CIRCUIT COURT.

1. Construction of Devise—Life Estate.—Where a testator devised to his wife for life certain lands and all his "farming implements, grain, household and kitchen furniture," giving to her by the same clause the annual interest during her natural life on twenty-five hundred dollars' worth of county bonds, and by a subsequent clause gave to one of several daughters at the death of his wife "all the real and personal estate above bequeathed" to the wife, under this devise to the daughter the county bonds referred to passed to her upon the death of the wife and not to all the children equally under a subsequent clause directing that "all other moneys not devised in any of the foregoing clauses" should be divided equally among all the testator's children.

2. Same.—A devise of the rents and profits of land for life is an estate for life in the land, and a devise of the interest on bonds for life may be said to be an estate for life in the bonds.

3. SAME.—Where clauses of a will are of doubtful meaning the chancellor for the purpose of arriving at the testator's intention will,. as far as possible, put himself in the testator's shoes by considering the circumstances surrounding the testator at the time of the execution of the paper.

GEO. S. FULTON, JNO. A. FULTON AND E. E. McKAY FOR APPELLANTS.

The bequest to the widow of the interest on the bonds was equivalent to a bequest of the bonds for life, and therefore the daughter became entitled to the bonds upon the death of the widow. (Williamson v. Williamson, 18 B. Mon., 383.)

JOHN S. KELLEY FOR APPELLEES.

The widow took no estate in the bonds, and therefore they did not pass to the daughter upon her death. (Schouler on Wills, sec. 503.)

CHIEF-JUSTICE PRYOR DELIVERED THE OPINION OF THE COURT.

Thomas Hutchins, of the county of Nelson, died many years ago, leaving a last will and testament, by which he devised his estate to his wife and children in the following manner: By the first clause he gave to his wife "during her natural life all the landed estate I hold and own in Nelson county, Ky., and all the farming implements, grain, household and kitchen furniture that may be in my possession at my death. I also give to my wife the annual interest during her natural life on twenty-five hundred dollars' worth of Daveiss county bonds which I now hold, and I direct my executors shall pay over to my wife the above-mentioned interest semi-annually."

By the second clause he gave to the children of his son John $1,000; by the third clause, to his daughter, Mrs. Smith, $3,000; fourth clause, to his daughter, Mrs. Porter, $3,000; fifth clause, to his son William, $3,000; sixth clause, to his daughter, Mrs. Price, $3,000; seventh clause, to his daughter, Mrs. Humphrey, $1,200 and a farm of 116 acres; eighth

clause, to his son Thomas, a farm in Marion county; ninth clause, to his daughter, Mrs. Clark, $3,000; tenth clause: "I give to my daughter, Eleanor Hutchins, all the real and personal estate above bequeathed to my wife, Ann Hutchins, at the death of my said wife, and two thousand dollars in money."

By the fourteenth clause of the will he says to his executors that any notes and accounts they may find in his papers are to be charged against them, but without charging them any interest. The devisor by the twelfth clause directed that "all other *moneys* not *devised in any* of the foregoing clauses of this my last will, to be divided equally among my living children."

This will was admitted to probate in November of the year 1879, and the widow of the testator survived him some fourteen or fifteen years. At her death Eleanor Hutchins, the daughter of the testator, claimed, by reason of the devise to her in the tenth clause of the will, the Daveiss county bonds or their proceeds, the interest of which was devised to testator's widow during life. The claim was resisted by the executors, and a judgment rendered below, adjudging that it should be distributed between the children equally under the twelfth clause of testator's will.

We shall assume, for the purpose of arriving at a proper construction of the will of the testator, that the children of the devisor were all adults, except the appellant Eleanor, and that the testator held against them, as the will shows, notes and accounts, for which they were liable and upon which no interest was to be charged. The value of the land given the children does not appear, nor is there anywhere in the record proof showing the value of the land devised to the widow for life.

The purpose of the testator, as is plain from his will, was

to make an equal distribution of his estate between his children, and where clauses of a will are of doubtful construction, and susceptible of different meanings, it often aids the chancellor to place himself, by the facts surrounding the execution of the paper, in the shoes of the testator. This has not been done.

By the first clause of the will he gave to his widow his land in Nelson county and his farming utensils, grain, household and kitchen furniture, for life only. He then, in a separate sentence but in the same clause, gives to her for life the annual interest on $2,500 Daveiss county bonds. By the tenth clause he gives to his daughter, Eleanor Hutchins (now Price), "all the real and personal estate above bequeathed to my wife," and $2,000 *in money.* All Eleanor obtains under this devise is the $2,000 and the estate, *real and personal,* that had been devised to the widow for life, and, if the intention of the testator was to pass the right to the Daveiss county bonds to Eleanor by this tenth clause, the judgment below must be reversed.

As to all of his children but Eleanor they were entitled to the immediate possession and use of the devises made to them, or as soon as a settlement could be had by the executors, in order to a distribution. They were not to be charged with any interest on the claims the estate held against them, but in the settlement of the estate, which must necessarily be had in a short time after testator's death, they were to account for these advances, or rather loans, made to them by the testator, and to what extent this enlarged or lessened the distribution between the children does not appear. But one fact we think is evident, and that is, the testator never contemplated that his executors should postpone the settlement between his children until the death of his widow.

She lived some fourteen or fifteen years after the testator.

Eleanor had received only the $2,000 in money by the devise, and the remainder of the children were in the possession of what had been devised to them during this entire period. The testator had devised the interest on these bonds to his widow for life, and had designated them as Daveiss *county bonds* by that devise; and in no subsequent devise does he seem to have again alluded to these bonds as a part and parcel of his estate except in the devise he made to Eleanor, and then he says: "All the real and personal estate above bequeathed to my wife" I give to my daughter Eleanor. He knew he had devised the interest annually for life on these bonds to his widow, and if it was his purpose that these bonds should pass to the residuum of his estate and be distributed between all his children, it would have occurred to him that, as he had mentioned these bonds in the devise to his wife, he should except them from the devise made to Eleanor, or, if not excepted from that devise, when he comes to instruct his executors as to the division *equally* of his *moneys* not devised between his children, he would have mentioned the Daveiss county bonds, and the reason he did not was that he had already disposed of them by the devise to his wife and the devise to Eleanor.

A devise of the rents and profits of land for life is an estate for life in the land, and a devise of the interest on these bonds for life may be said to be an estate for life in the bonds. But, whether so or not, the title was in the executors for the purposes of the trust in behalf of the wife, the testator evidently intending to devise all the estate he had given his wife for life to his daughter Eleanor; and while the bonds may have fallen due long before the death of the widow, and the proceeds collected by the executors, these bonds were never regarded by the testator as a part of his undevised estate.

The land in Nelson devised to this young daughter, and perhaps his youngest child, may have been of little value. The enjoyment of her devise had been postponed for fourteen years, and the testator doubtless contemplated an ample provision for this daughter in the disposition he was making of his estate.

Some of his children, it seems, had been in the possession and use of their estate prior to the death of the testator, and in looking to the entire will it must be held that it was the testator's purpose to give these bonds or their proceeds to the daughter Eleanor.

The judgment is reversed, with directions to so adjudge.